UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CRIMINAL ACTION NO. |
| | ) | 09-10285-DPW |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| GREGG THOMAS RENNIE, | ) | 11-11926-DPW |
| | ) | |
| Defendant/Petitioner. | ) | |

MEMORANDUM & ORDER
March 30, 2016

The petitioner has moved under 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed upon him in this case by Judge Harrington. The petition has been transferred to my docket.

The sole ground asserted is ineffective assistance of counsel through a purported failure to contest the vulnerable victim enhancement under the sentencing guidelines. The petitioner contends this ground was not the subject of his direct appeal because "[i]neffective assistance of counsel claims are best raised in the first instance by motion." He concedes, however, that the vulnerable victim claim "was raised as a plain error claim on direct appeal." The concession is fatal to the claim.

The determination of the Court of Appeals that "there was no plain error," is dispositive. *United* States v. *Rennie*, No. 10-1935 (1st Cir., Apr. 29, 2011) (Judgment). Even assuming that the vulnerable victim claim raised on direct appeal could properly be repackaged as an ineffective assistance claim in

a subsequent collateral attack,[1] the determination on direct appeal establishes that if there was any error, it was neither clear nor obvious and that it did not affect the defendant's substantial rights.  *United States* v. *Borrero-Acevedp*, 533 F.3d 11, 15 (1st Cir. 2008).  It is apparent from the record that there is no reasonable probability that Judge Harrington would have imposed a more favorable sentence on the defendant if the vulnerable victim enhancement had not been included in his guideline calculations.  *United States* v. *Merlino*, 592 F. 3d 22, 27-29 (1st Cir. 2010).  Here, the sentencing colloquy and the below-guidelines sentence imposed by Judge Harrington, given the parties' submissions, make clear and obvious that the vulnerable victim enhancement as such added nothing material to the sentencing calculus.

While I recognize that a case pending in the Supreme Court after argument this January, *Molina-Martinez* v. *United States*, No. 14-8913 (S.Ct.) (Argued January 19, 2016), may refine the law of plain error in the context of guideline calculations, I am at this point governed by First Circuit precedent

---

[1] I note that in what the government apparently believes passes for a sufficient response [Dkt. No. 39] to the instant motion, it "request[ed] that this Court enter an Order authorizing and directing [petitioner's trial counsel] to disclose to counsel for the United States such matters as may be reasonably necessary to respond to the § 2255 motion submitted by [petitioner] in this case."  This form of response has recently gained favor among some prosecutors seeking to delay and deflect the work necessary to address a § 2255 motion on its merits.  The government's effort to put off carefully analyzing the merits of this motion are misbegotten in this case.  A review of "the motion and the files and records [including prior submissions of the government] of this case conclusively show that the prisoner is entitled to no relief," *cf*. 28 U.S.C. § 2255.  Had the government bothered to review those files and records, it could readily have responded on the merits to the motion without resort to delaying tactics.

which appears to me, after review of the oral argument transcript in *Molina-Morales*, unlikely to be affected by the Supreme Court's decision in that matter.

The motion to vacate or set aside is DENIED and the Clerk is directed to enter judgment terminating this case.

                                              **/s/ Douglas P. Woodlock**
                                              DOUGLAS P. WOODLOCK
                                              UNITED STATES DISTRICT JUDGE